Eric F. Fagan (SBN 87071)
Jeremy S. Golden (SBN 228007)
Mary G. Thompson (SBN 249200)
Law Offices of Eric F. Fagan
2300 Boswell Rd., Suite 211
Chula Vista, CA  91914
jeremy@efaganlaw.com
Phone: 619-656-6656 Fax: 775-898-5471
Attorneys for Defendant Alisa Garcia

**UNITED STATES DISTRICT COURT**
**EASTERN  DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ALISA GARCIA, an individual;  )<br>  )<br>      Plaintiff  )<br>v.  )<br>  )<br>JD CONSUMER THREE, LLC; LAW  )<br>OFFICES OF CURTIS O. BARNES;  )<br>PROTOCOL RECOVERY SERVICE  )<br>INC.; and DOES 1 through 10  )<br>inclusive,  )<br>  ) | Civil Case No.:<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL (Unlawful Debt Collection Practices)** |

**COMPLAINT**

**I.  INTRODUCTION**

1.   This is an action for damages brought by an individual consumer against Defendants for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq*. ("FDCPA") and the California Rosenthal Act, Civil Code §1788 *et seq*. ( "Rosenthal Act") both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

//

## II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1337.  Supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367. Venue in this District is proper in that the Defendants transact business here and the conduct complained of occurred here.

## III.  PARTIES

3. Plaintiff **ALISA GARCIA** is a natural person residing in California.

4. Defendant **JD CONSUMER THREE, LLC** is a professional corporation doing business of collecting debts in California.

5. Defendant **LAW OFFICES OF CURTIS O. BARNES** is a professional corporation doing business of collecting debts in California operating from an address at 390 West Cerritos Ave., Anaheim, CA 92805.

6. Defendant **PROTOCOL RECOVERY SERVICE INC.** is a professional corporation doing business of collecting debts in California operating from an address at 509 Mercer Ave., Panama City, FL 32401

7. Defendants are engaged in the collection of debts from consumers using the mail and telephone.  Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. §1692a(6), and by the Rosenthal Act, California Civil Code 1788.2(c).

8. Defendants are all entities or individuals who contributed to or participated in, or authorized the acts or conspired with the named Defendants to commit the acts and do the things complained of which caused the injuries and damages to Plaintiff as set forth below. Each of the parties, named and fictitious, acted as principal and agent, each of the other, and combined and concurred each with the other in committing the acts that injured the Plaintiff.

9. Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. 1692a(3).

10. The purported debt that Defendants attempted to collect from Plaintiff was a "debt" as defined by the FDCPA, 15 U.S.C. §1692a(5).

11.     Plaintiff is a "debtor" as defined by the Rosenthal Act, California Civil Code 1788.2(h).

12.     The purported debt which Defendants attempted to collect from Plaintiff was a "consumer debt" as defined by the Rosenthal Act, California Civil Code §1788.2(f).

## IV.  FACTUAL ALLEGATIONS

13.     Defendant PROTOCOL began a campaign of harassment over the telephone in an attempt to collect an alleged debt from Plaintiff.

14.     PROTOCOL was attempting to collect an alleged debt due to Defendant JD CONSUMER THREE.

15.     PROTOCOL threatened to take Plaintiff's home and leave her and her two children homeless.

16.     PROTOCOL threatened to contact Plaintiff's neighbors, parents, relatives and employer and inform them that Plaintiff does not pay her bills.

17.     PROTOCOL threatened to garnish Plaintiff's wages.

18.     PROTOCOL's employees stated they were attorneys.

19.     PROTOCOL did call Plaintiff's parents in connection with the attempt to collect a debt.

20.     PROTOCOL left messages without proper disclosures.

21.     PROTOCOL called Plaintiff's neighbor in connection with the attempt collect a debt.

22.     The collection calls continued through July 2007.

23.     On August 6, 2007 Defendant LAW OFFICES OF CURTIS O. BARNES, PC filed a lawsuit against Plaintiff on behalf of JD CONSUMER THREE, LLC to collect a Heritage Bank One account.

24.     To the best of Plaintiff's recollection she has never had a Heritage Bank One account.

25.     BARNES included a letter dated April 26, 2007 with the summons when it

1 served Plaintiff.

2     26.    The first time Plaintiff saw the April 26, 2007 letter was when she saw it with
3 the summons.

4     27.    The April 26, 2007 letter did not have the proper notices as required by the
5 FDCPA and the Rosenthal Act and misstated the amount of the alleged debt.

6     28.    The lawsuit was to collect an amount not authorized by agreement or statute.

7     29.    In all conversations, Defendant PROTOCOL and its employees were rude and
8 demeaning to Plaintiff.

9     30.    As a result of the acts alleged above, Plaintiff suffered headaches, nervousness,
10 fear, nausea, great worry, sickness, she vomited several times, she was required to increase
11 her dosage of medication,

12     31.    The acts complained of above are part of a pattern and practice of harassment by
13 Defendants.

## V.  FIRST CLAIM FOR RELIEF
### (As against all Defendants for Violation of the FDCPA)

32.    Plaintiff repeats, realleges and incorporates by reference all of the foregoing paragraphs.

33.    Defendants violated the FDCPA.  Defendants' violations include, but are not limited to, the following:

    (a)    The Defendants violated 15 U.S.C. § 1692b(1) by contacting a person other than the Plaintiff and failing to state that they were confirming or correcting location information concerning the Plaintiff;

    (b)    The Defendants violated 15 U.S.C. § 1692c(b) by communicating with a third person in connection with the collection of a debt;

    (c)    The Defendants violated 15 U.S.C. § 1692d by engaging in conduct the natural consequence of which is to harass, oppress, and abuse persons in connection with the collection of the alleged debt;

(d) The Defendants violated 15 U.S.C. § 1692d(2) by using abusive language;

(e) The Defendants violated 15 U.S.C. § 1692d(5) by causing the phone to ring or engaging a person in telephone conversations repeatedly with the intent to harass, oppress, and abuse the Plaintiff in connection with the collection of the Debt;

(f) The Defendants violated 15 U.S.C. § 1692d(6) by placing telephone calls without disclosing their identity;

(g) The Defendants violated 15 U.S.C. § 1692e by using false, deceptive, and misleading representations or means in connection with the collection of a debt;

(h) The Defendants violated 15 U.S.C. § 1692e(5) by threatening to take action that was not intended to be taken;

(i) The Defendants violated 15 U.S.C. § 1692e(10) by using a false representation and deceptive means to collect or attempt to collect any debt or to obtain information regarding a consumer;

(j) The Defendants violated 15 U.S.C. § 1692e(11) by failing to indicate that all communications were from a debt collector;

(k) The Defendants violated 15 U.S.C. § 1692(f) by using unfair or unconscionable means to collect or attempt to collect a debt;

(l) The Defendants violated 15 U.S.C. § 1692f(1) by attempting to collect an amount not authorized by agreement or permitted by law.

(m) The Defendants violated 15 U.S.C. § 1692g(a) by failing to send the Plaintiff a validation notice within five days of the initial communication.

34. As a result of the above violations of the FDCPA, Defendants are liable to the Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to 15 U.S.C. §1692k.

//
//

## VI.  SECOND CLAIM FOR RELIEF

(**Against all Defendants for Violation of the Rosenthal Act**)

35. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

36. Defendants violated the Rosenthal Act, by including but not limited to, the following:

   (a) The Defendants violated California Civil Code §1788.11(a) by using obscene language;

   (b) The Defendants violated California Civil Code §1788.11(b) by placing telephone calls without disclosure of the caller's identity;

   (c) The Defendants violated California Civil Code §1788.11(d) by causing a telephone to ring repeatedly or continuously to annoy the person called;

   (d) The Defendants violated California Civil Code §1788.11(e) by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute an harassment to the Plaintiff under the circumstances;

   (e) The Defendants violated California Civil Code §1788.12(b) by communicating information regarding a consumer debt to a member of the Plaintiff's family;

   (f) The Defendants violated California Civil Code §1788.17 by failing to comply with the FDCPA as alleged above;

37. Defendants' acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

38. As a proximate result of Defendants' violations enumerated above, Plaintiff has been damaged in amounts which are subject to proof.

39. Defendants' violations of the Rosenthal Act were willful and knowing. Defendants are therefore liable to Plaintiff for Plaintiff's actual damages, statutory damages, and attorney's fees and costs pursuant to California Civil Code §1788.30.

## VII.   THIRD CLAIM FOR RELIEF

**(As against Defendants PROTOTCOL RECOVERY SERVICE and JD CONSUMER THREE, LLC for Invasion of Privacy-Intrusion Into Private Affairs)**

40. Plaintiff repeats, realleges, and incorporates by reference all of the foregoing paragraphs.

41. Plaintiff had a reasonable expectation of privacy in her solitude, seclusion, and private concerns and affairs.

42. Defendants willfully and intentionally intruded into Plaintiff's solitude, seclusion and private affairs by repeatedly and unlawfully attempting to collect a debt.

43. Defendants' intrusions would be highly offensive to a reasonable person and did in fact offend Plaintiff.

44. As a result of such invasions of privacy, Plaintiff was harmed and caused great mental and physical pain.

45. Defendants acted with oppression, fraud or malice, and Defendants are therefore liable to Plaintiff for damages in an amount to be proven at trial, and for punitive damages.

WHEREFORE, Plaintiff respectfully requests that judgment be entered against Defendants and each of them for the following:

(a) Actual damages;

(b) Statutory damages pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(a).

(c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k and California Civil Code §1788.30(b) and §1788.30(c)

(d) For punitive damages against Defendants PROTOCOL RECOVERY SERVICE and JD CONSUMER THREE only.

(e) For such other and further relief as the Court may deem just and proper.

Dated 8/24/2007

                                /S/ Eric F Fagan
                              Eric F. Fagan, Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

Please take notice that Plaintiff demands trial by jury in this action.

Dated 8/24/2007

                                /S/ Eric F Fagan
                              Eric F. Fagan, Attorney for Plaintiff